USCA Case #15-1060    Document #1543434    Filed: 03/19/2015    Page 1 of 11

RECEIVED
Mail Room
MAR 19 2015
United States Court of Appeals
District of Columbia Circuit

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED MAR 19 2015
ORIGINAL
CLERK

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NATIONAL LABOR RELATIONS BOARD

                Petitioner

v.

GIBBS CONTRACTING, INC.

                Respondent

No. 15-1060

Board Case Nos.:
05-CA-107444
05-CA-112497

## APPLICATION FOR SUMMARY ENTRY OF A JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

To the Honorable, the Judges of the United States
   Court of Appeals for the District of Columbia Circuit:

The National Labor Relations Board (the "Board"), pursuant to Section 10(e) of the National Labor Relations Act, as amended (29 U.S.C. §§ 151, 160(e)), applies to this Court for summary entry of a judgment enforcing its order against Gibbs Contracting, Inc. ("Respondent"). The Board is entitled to summary enforcement because Respondent failed to file an answer to the Board's unfair labor practice complaint and the Board entered an order by default. In support, the Board shows:

### A. Jurisdiction of this Court

This Court has jurisdiction over this application under Section 10(e) of the Act (29 U.S.C. § 160(e)). Venue is proper in this Circuit because the activities giving rise to this proceeding occurred in Washington, D.C. The Board's final order issued on October 20, 2014, and is reported at 361 NLRB No. 68.

## B. Proceedings Before the Board

1. On September 27, 2013, the Board's General Counsel issued an order consolidating cases, consolidated complaint, and notice of hearing in Case Nos. 05-CA-107444 and 05-CA-112497, charging Respondent with certain violations of the Act. The complaint, in part, advised the Respondent that under the Board's Rules (29 C.F.R. 102.20 and 102.21), the Respondent was required to file an answer by October 11, 2013, and that if the Respondent failed to file an answer, the allegations of the complaint would be deemed to be true.

2. On October 21, 2013, the Regional Director for Region 5 sent Respondent a letter informing that, in light of the National Labor Relations Board's closure for 16 days due to a lapse in appropriated funds, the due date for Respondent's answer had been extended to October 28, 2013.

3. Having not received an answer, counsel for the General Counsel, on October 30, 2013, sent the Respondent a letter advising that if no answer was received by November 6, 2013, the Regional Office would file a Motion for Default Judgment with the Board. The Respondent did not answer or request an extension of time to file an answer.

4. On November 7, 2013, counsel for the General Counsel filed with the Board a Motion for Default Judgment based upon the Respondent's failure to file an answer to the complaint.

5. By order dated November 12, 2013, the Board transferred the case to itself and issued a Notice to Show Cause, giving Respondent until November 26, 2013, to file with the Board in Washington, D.C., a response to the Motion for Default Judgment.

6. On November 26, 2013, the Respondent filed a response. The General Counsel filed a reply to the response on December 3, 2013.

7. On October 20, 2014, the Board issued its Decision and Order in which it noted that Respondent did not dispute that it failed to respond to the complaint allegations in a timely manner nor did it provide a good cause explanation for its failure to do so. In the absence of good cause being shown for Respondent's failure to file a timely answer to the complaint, the Board granted the Motion for Default Judgment and entered an appropriate order against the Respondent.

## C. The Board Is Entitled to Summary Enforcement of Its Order

On these facts, the Board is entitled to summary enforcement of its order against Respondent. Where a respondent in a Board proceeding fails to file an appropriate answer to the unfair labor practice complaint in a timely manner, the Board may, pursuant to Board Rule 102.20, absent a showing of "good cause," deem the complaint's allegations admitted, and then may enter an order, essentially by default, against the respondent. No good cause for Respondent's failure to file an answer to the complaint was shown here.

It is settled that the Board is entitled to have that default judgment summarily enforced. Under Section 10(e) of the Act (29 U.S.C. § 160(e)), no objection that has not been urged before the Board shall be considered by a court of appeals "unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." Interpreting that requirement, courts have consistently held that a respondent's failure to assert a defense before the Board entitles the Board, absent extraordinary circumstances, to summary enforcement of its order.. *See, e.g., Father and Sons Lumber v. NLRB*, 931 F.2d 1093, 1095-96, 1097 (6th Cir. 1991); *NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 830 (9th Cir. 1991); *NLRB v. Dane County Dairy*, 795 F.2d 1313, 1319-21 (7th Cir. 1986); *Oldwick Materials, Inc. v. NLRB*, 732 F.2d 339, 341 (3d Cir. 1984); *NLRB v. Aaron Convalescent Home*, 479 F.2d 736, 738-39 (6th Cir. 1973). No such extraordinary circumstances have been alleged or shown here.

WHEREFORE, the Board respectfully requests that the Court, after serving notice of the filing of this application on Respondent, enter judgment summarily enforcing the Board's order in full. A proposed judgment is attached.

/s/ Linda Dreeben
Linda Dreeben
Deputy Associate General Counsel
National Labor Relations Board
1099 14th Street, N.W.
Washington, D.C. 20570

Dated in Washington, D.C.
this 17th day of March, 2015

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
MAR 19 2015
RECEIVED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NATIONAL LABOR RELATIONS BOARD :
:
: No. 15-1060
Petitioner :
v. :
: Board Case Nos.:
GIBBS CONTRACTING, INC. : 05-CA-107444
: 05-CA-112497
Respondent :

JUDGMENT ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD

Before:

This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Gibbs Contracting, Inc., its officers, agents and representatives, enforcing its order dated October 20, 2014, in Case Nos. 05-CA-107444 and 05-CA-112497, reported at 361 NLRB No. 68, and the Court having considered the same, it is hereby

ORDERED AND ADJUDGED by the Court that the Respondent, Gibbs Contracting, Inc., its officers, agents and representatives, shall abide by said order (See Attached Order and Appendix).

_____
Judge, United States Court of Appeals
For the District of Columbia Circuit


_____
Judge, United States Court of Appeals
For the District of Columbia Circuit


_____
Judge, United States Court of Appeals
For the District of Columbia Circuit

NATIONAL LABOR RELATIONS BOARD

v.

GIBBS CONTRACTING, INC.

**ORDER**

Gibbs Contracting, Inc., Washington, D.C., its officers, agents, successors, and assigns, shall

1. Cease and desist from
   (a) Telling employees that the Respondent was not a union shop and there was no union at the Respondent.
   (b) Failing and refusing to recognize and bargain with International Union of Operating Engineers, Local 99 as the exclusive collective-bargaining representative of the employees in the bargaining unit.
   (c) Unilaterally changing the terms and conditions of employment of unit employees, including but not limited to health, welfare and pension contributions, benefits, and other terms and conditions of employment.
   (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.
   (a) On request, bargain with the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit concerning terms and conditions of employment, and, if an understanding is reached, embody the understanding in a signed agreement. The bargaining unit is:

   > All full-time and regular part-time Moving Van Drivers, Two and one-half ton Truck Drivers, Forklift operators, Material Handling Laborers, Shipping and Receiving Clerks, and Tractor Truck Drivers employed by the Employer at the HUD Building at 7th & D St. SW in Washington, D.C.; but excluding all other employees, confidential employees, casual

employees, office clerical employees, professional employees and guards as defined in the National Labor Relations Act.

(b) Rescind the changes to unit employees' terms and conditions of employment, including health, welfare and pension contributions, benefits, and other terms and conditions of employment that were unilaterally implemented about April 1, 2013, and retroactively restore the status quo that existed prior to the unilateral changes, until negotiating with the Union to agreement or impasse.

(c) Make the unit employees whole, with interest, for any losses sustained due to the unlawfully imposed changes to their health, welfare and pension contributions, benefits, and other terms and conditions of employment in the manner set forth in the remedy section of this decision.

(d) Compensate the unit employees for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and file a report with the Social Security Administration allocating the awards to the appropriate calendar quarters for each employee.

(e) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(f) Within 14 days after service by the Region, post at its Washington, D.C. facility copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 5, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed the facility involved in this

2

    proceeding, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since March 30, 2013.

(g) Within 21 days after service by the Region, file with the Regional Director for Region 5 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

APPENDIX

NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
COURT OF APPEALS ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT tell you that we are not a union shop and there is no union here.

WE WILL NOT fail and refuse to recognize and bargain with International Union of Operating Engineers, Local 99 as the exclusive collective-bargaining representative of our employees in the bargaining unit.

WE WILL NOT change your terms and conditions of employment, including but not limited to health, welfare and pension contributions, benefits, and other terms and conditions of employment without first notifying the Union and giving it an opportunity to bargain.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act.

WE WILL, on request, bargain with the Union as the exclusive collective-bargaining representative of our employees in the following appropriate unit concerning terms and conditions of employment, and, if an understanding is reached, embody the understanding in a signed agreement. The bargaining unit is:

All full-time and regular part-time Moving Van Drivers, Two and one-half ton Truck Drivers, Forklift operators, Material Handling Laborers, Shipping and Receiving Clerks, and Tractor Truck Drivers employed by the Employer at the HUD Building at 7th & D St. SW in Washington, D.C.; but excluding all other employees, confidential employees, casual employees, office clerical employees, professional employees and guards as defined in the National Labor Relations Act.

WE WILL rescind the changes in the terms and conditions of employment for our unit employees, including health, welfare and pension contributions, benefits, and other terms and conditions of employment, that were unilaterally implemented on April 1, 2013, and WE WILL retroactively restore the status quo that existed prior to the unilateral changes, until we negotiate in good faith with the Union to agreement or to impasse.

WE WILL make our unit employees whole for any losses they sustained due to the unlawfully imposed changes to their health, welfare and pension contributions, benefits, and other terms and conditions of employment, with interest.

WE WILL compensate our unit employees for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and file a report with the Social Security Administration allocating the backpay awards to the appropriate calendar quarters.

## GIBBS CONTRACTING, INC.

The Board's decision can be found at www.nlrb.gov/case/05-CA-107444 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1099 14th Street, N.W., Washington, D.C. 20570, or by calling (202) 273–1940.



UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NATIONAL LABOR RELATIONS BOARD :
:
Petitioner : No. 15-1060
v. :
:
GIBBS CONTRACTING, INC. : Board Case Nos.:
: 05-CA-107444
: 05-CA-112497
Respondent :

CERTIFICATE OF SERVICE

The undersigned certifies that one copy each of the Board's application for summary entry of judgment and proposed judgment in the above-captioned case, has this day been served by first class mail upon the following parties at the addresses listed below.

Mr. Leon Gibbs, CEO
Gibbs Contracting, Inc.
Suite 215
1818 New York Ave., N.E.
Washington, DC 20002-1849

Thomas B. Martin
Goldblatt Martin Pozen, LLP
1625 K Street, N.W., Ste 700
Washington, D.C. 20004

/s/ Linda Dreeben
Linda Dreeben
Deputy Associate General Counsel
National Labor Relations Board
1099 14th Street, N.W.
Washington, D.C. 20570

Dated at Washington, D.C.
this 17th day of March, 2015